### Application of GRIGSBY.

(Court of Appeals of District of Columbia. Submitted March 10, 1925. Decided April 6, 1925.)

No. 1728.

**Patents** ⧯28—Automobile glare visor and weather shield held possessed of ornamental features and structural improvements, entitling it to design patent.

Automobile glare visor and weather shield *held* to possess improved and distinctive ornamental features, which together with structural improvements entitled it to design patent.

Appeal from Commissioner of Patents.

Application for patent by Owen E. Grigsby. From a decision denying the application, applicant appeals. Reversed.

J. H. Milans and C. T. Milans, both of Washington, D. C., and G. E. Mueller, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant applied for a design patent for a device known as a weather shield and glare visor. The article consists of an aluminum frame having a central dividing rib, and carrying two translucent sections or panes. It is of the type to be mounted above the wind shield at the front of an automobile, in order to protect the wind shield from rain and sleet, and to shield the driver from the glare of the sun.

The application was rejected by the Acting Examiner, upon the ground that the design was not new, original, and ornamental, in view of certain prior design patents, and particularly that it exhibited no invention over former designs. This decision was successively affirmed by the Examiners in Chief and the Assistant Commissioner of Patents.

The device in question is referred to by the appellant as a triple-curve or three-arc visor, and the feature upon which the application rests is to be found in its uniformly curved lines, extending from front to rear, thereby forming three several arcs. These constitute a distinctive characteristic of the article, and distinguish it from the visors described in the references; the latter showing plain arcuate curves or so-called ogee curves. The present design is novel and attractive in appearance, and when conspicuously mounted in its place upon the car the visor is very ornamental. The design is a distinct departure from the plain or irregularly curved visors of the former construction, and marks an advance in the style of such articles. These statements find support in the testimonials contained in the record, and by proof of the enormous sales of the article as compared with those of other designs. It seems clear that the popular demand for it is caused by its attractive appearance, rather than by utilitarian considerations. It is true that this design presents also certain structural improvements over former visors; but, while that fact alone does not furnish ground for granting a design patent, it does not militate against such action.

It is suggested that the difference in appearance between the present visor and former ones results from comparatively slight changes in form, and that these do not have the quality of invention. It should be noted, however, that a visor is composed of few and simple elements, and invention with respect to its design must necessarily deal with features which are of minor consequence, if taken alone. Such changes, however, may greatly affect the appearance of the article as an entirety, when judged by the taste and fancy of an average man, and this has been accomplished in the present instance. We hold, therefore, that the applicant was entitled to a patent as sought by him, and that it was error to reject his application.

The decision in question is reversed.